UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 11-551(DSD/JSM)

Joanne Lee Rocha,

    Plaintiff,

v.                                          **ORDER**

Bank of America,

    Defendant.

    Joanne Lee Rocha, 1483 West Larpenteur Avenue, #2, Falcon Heights, MN 55113, pro se.

    Sparrowleaf Dilts McGregor, Esq. and Fulbright & Jaworski, LLP, 80 South Eighth Street, Suite 2100, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the motion for summary judgment by defendant Bank of America. Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion.

**BACKGROUND**

This mortgage dispute arises out of the attempt by pro se plaintiff Joanne Lee Rocha to modify a loan for property located at 1483 Larpenteur Avenue West, Falcon Heights, Minnesota 55113. On October 2, 2006, Rocha borrowed $245,000 from Countrywide Bank, N.A. (Countrywide) and signed an Adjustable Rate Note (ARN). Goforth Aff. ¶ 4. The loan was secured by a mortgage on the Larpenteur Avenue property. Rocha Dep. 15:4-5. Bank of America

acquired the mortgage following its merger with Countrywide.  Id. at 16:17-20.

In fall 2009, Rocha applied for a loan modification.  Id. at 27:8-10.  Upon approval, the loan modification would have converted the ARN to a step-rate loan.  Goforth Aff. Ex. C, at 3.  On December 28, 2009, Bank of America mailed Rocha several documents related to her application, including a Proposed Loan Modification Letter (Proposal Letter) and a Loan Modification Agreement.  See id.

The Proposal Letter provided:

> This modification agreement will not be binding or effective unless and until it has been signed by both you and [Bank of America]. Further, in order for the loan modification to become effective, you must complete the actions in the "To Accept the Proposed Modification" section of this letter by no later than January 27, 2010.

Id. at 1.  This section instructed Rocha to sign and date the Loan Modification Agreement, have the agreement notarized, remit the first payment of $1,542.73 and return certain documents in a prepaid envelope.  Id. at 2.  The Proposal Letter also included a "Did You Remember?" section that re-listed these requirements.  Id.

On January 22, 2010, Rocha signed the Loan Modification Agreement, had it notarized and mailed the contents in the prepaid envelope provided by Bank of America.  Rocha Dep. 32:20-33:1. Rocha did not include her first payment.  Id. at 33:2-17.  Bank of

2

America received the package[1] but did not sign the Loan Modification Agreement.  On March 10, 2010, Bank of America notified Rocha that her loan modification application was denied. Id. at 33:21-25.

On March 3, 2011, Rocha filed this action, alleging breach of contract and detrimental reliance.  Compl. ¶ 7.  Bank of America moved for summary judgment, and a hearing was scheduled for August 24, 2012.  Rocha did not submit an opposition memorandum or attend oral argument.  In response, the court stayed consideration of the case for two weeks.  Rocha was provided an additional week to file an opposition memorandum and Bank of America was given one week to reply.

### DISCUSSION

**I.  Standard of Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is genuine if the evidence is such that it could

---

[1] The package was delayed by inclement weather and did not arrive by the January 27, 2010, deadline.  Compl. ¶ 10.

cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. A party asserting that a genuine dispute exists — or cannot exist — about a material fact must cite "particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). If a plaintiff cannot support each essential element of a claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Celotex, 477 U.S. at 322-23.

## II. Breach of Contract

Rocha argues that Bank of America breached the Loan Modification Agreement. "In order to state a claim for breach of contract, the plaintiff must show (1) formation of a contract, (2) performance by plaintiff of any conditions precedent to h[er] right to demand performance by the defendant, and (3) breach of the contract by defendant." Park Nicollet Clinic v. Hamann, 808 N.W.2d 828, 833 (Minn. 2011) (citation omitted).

Bank of America argues that remittance of the first payment was an unfulfilled condition precedent.

> A condition precedent ... is one which is to be performed before the agreement of the parties becomes operative. A condition precedent calls for the performance of some act or the happening of some event after the contract is entered into, and upon the performance or happening of which its obligation is made to depend.

Crossroads Church of Prior Lake, Minn. v. Cnty. of Dakota, 800 N.W.2d 608, 615 (Minn. 2011) (citations omitted). The Proposal Letter explicitly informed Rocha that "in order for the loan modification to become effective, you must complete the actions in the 'To Accept the Proposed Modification' section." Goforth Aff. Ex. C., at 1. Rocha did not submit the first payment with the Loan Modification Agreement. Thus, the proposed agreement never became operative. See Crossroads Church, 800 N.W.2d at 615 ("Unfulfilled conditions prevent the enforcement of a contract.").

Rocha responds that only the Proposal Letter - and not the Loan Modification Agreement - included the payment requirement. A condition precedent, however, need not be expressed in the agreement itself. See Craigmile v. Sorenson, 58 N.W.2d 865, 871 (Minn. 1953) ("[A] written document, unconditional on its face and fully executed, can be shown by parol testimony to have been subject to a condition precedent."). As such, the payment requirement in the Proposal Letter establishes that submission of the first payment was a condition precedent.

Rocha next argues that she was unaware of the payment requirement. This requirement, however, was unambiguous, and Rocha's confusion is irrelevant. "Extrinsic evidence of the parties' subjective intent cannot be used to create contractual ambiguity where none exists on the face of the agreement." M.M. Silta, Inc. v. Cleveland Cliffs, Inc., 616 F.3d 872, 877 (8th Cir. 2010) (citations and internal quotation marks omitted) (interpreting Minnesota law). Thus, any confusion over the loan modification does not excuse the failure to remit payment. Therefore, summary judgment is warranted as to the claim for breach of contract.[2]

### III.  Promissory Estoppel

Rocha next argues that she detrimentally relied on the offer to refinance her mortgage. Given her pro se status, the court construes this as an argument for promissory estoppel. See Smith v. Hundley, 190 F.3d 852, 855 n.7 (8th Cir. 1999) (explaining that pro se pleadings are liberally construed). "To state a claim for promissory estoppel, the plaintiff must show that (1) there was a clear and definite promise, (2) the promisor intended to induce reliance and such reliance occurred, and (3) the promise must be enforced to prevent injustice." Park Nicollet Clinic v. Hamann,

---

[2] As Rocha failed to perform a condition precedent, the court does not address Bank of America's argument that the contract was unenforceable under Minnesota Statutes § 513.33, subdivision 2, because it was not signed by both parties.

6

808 N.W.2d 828, 834 (Minn. 2011) (citation omitted). Apart from a conclusory assertion in her complaint that the "suit is being brought on the basis of ... detrimental reliance," Rocha has not set forth any evidence in support of the promissory estoppel claim. Specifically, Rocha neither alleges nor presents any evidence of detrimental reliance. Therefore, summary judgment is warranted as to the claim for detrimental reliance.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that Bank of America's motion for summary judgment [ECF No. 35] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  November 6, 2012

                                      s/David S. Doty        
                                      David S. Doty, Judge
                                      United States District Court